# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE- OPELOUSAS DIVISION

Heidi Cary                                Civil Action No. 6:05-CV-0572

versus                                     Judge Tucker L. Melançon

Town of Church Point, et al.           Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Rec. Doc. 21] filed by defendants Town of Church Point, Officer Nathaniel Savoy, individually and in his official capacity as a police officer for the Town of Church Point and Chief Albert Venable, individually and in his official capacity as Chief of Police for the Town of Church Point, plaintiff Heidi Cary's Opposition [Rec. Doc. 23], and defendants' Reply [Rec. Doc. 28]. For the following reasons, defendants' Motion will be granted.

### *I. Background*

This incident arises out of events occurring on or about October 16, 2003 in Church Point, Louisiana. At that time, Officer Nathaniel Savoy (Savoy) of the Church Point Police Department, arrested plaintiff Heidi Cary (Cary) after pulling her over for traffic violations. (*Plaintiff's Statement of Uncontested Facts*, ¶ 1). Cary

1

was subsequently charged with violating: (1) La. R.S. 14:63.3, remaining after being forbidden; (2) La. R.S. 32:51, cancelled license plate; (3) La. R.S. 32:1304, expired motor vehicle inspection; (4) La. R.S. 32:863, no insurance; and (5) La. R.S. 47:501, expired registration. (*Defendants' Statement of Uncontested Facts*, ¶ 2). On December 16, 2004, plaintiff pled "no contest" to: (1) Count I, remaining after being forbidden; (2) Count II, cancelled license plate; and (3) Count III, expired motor vehicle inspection. (*Id.,* ¶ 4). The State then moved to *Nolle Prosquied* the charges as to Count IV, no insurance and Count V, expired registration. (*Id.,* ¶ 5). Cary was subsequently sentenced to serve 10 days in the Acadia Parish jail, suspended, pay $113.50 in court fees, and fulfill 20 hours of community service. (*Defendants' Motion for Summary Judgment,* Ex. A).

Cary filed suit in the 15th Judicial District, Acadia Parish on October 18, 2004. (*Id.*, p. 2). On March 21, 2005, in her First Amending and Supplemental Petition, plaintiff alleged a violation of her Fourth Amendment constitutional right to be free from unlawful arrest. (*Complaint,* ¶ 9.). Defendants then removed this matter, based on federal question jurisdiction under 28 U.S.C. § 1331. (*Defendants' Motion for Summary Judgment*, p. 2).

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find

that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

*Heck v. Humphrey Bars Plaintiff from Pursuing her Fourth Amendment Claim.*

The Fourth Amendment bestows the constitutional right upon a person to be free from unreasonable seizures of both her person and effects. Plaintiff argues that Officer Savoy violated her Fourth Amendment right to be free from unreasonable seizure when he arrested her without probable cause. Defendants argue that Heidi Cary cannot state a viable constitutional claim based on her arrest because under *Heck v. Humphrey*, 512 U.S. 477 (1994), to do so would invalidate her criminal convictions. (*Motion for Summary Judgment*, p. 2). Cary disagrees, claiming that her pleas of "no contest" to Counts I, II, and III, which coincide with the underlying arrest, do not amount to convictions for *Heck* purposes. (*Opposition to Motion for Summary Judgment*, p. 3).

Jurisprudence clearly holds that civil suits are not allowed to collaterally attack previous criminal convictions. "In order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

4

called into question by a federal court's issuance of a writ of habeus corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus . . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck* at 486-87. The Fifth Circuit has followed this principle in *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996), holding that a plaintiff's right to challenge the constitutionality of an arrest does not accrue until the underlying conviction has been voided.

Plaintiff admits to violating Counts II and III. (*Opposition*, p. 7). Plaintiff claims that her constitutional rights were violated when she was unfairly arrested for remaining after being forbidden. Cary plead "no contest" to all three charges.[1] Plaintiff has introduced no evidence to support that any of the convictions have been invalidated. "Any determination by the Court regarding the legality of [plaintiff's]

---

[1] As a primary matter, the Court will dispose of plaintiff's argument that a plea of "no contest" or "nolo contendere" does not result in conviction. Under Louisiana law, a plea of no contest constitutes a conviction. La. Crim. C.P. Art. 552(4) states, "A sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses, and shall be a conviction for puropses of laws providing for the granting, suspension or revocation of licenses to operate motor vehicles."

5

arrest would necessarily implicate the validity of her convictions." *Watson v. New Orleans City*, 275 F.3d 46, 46 (5th Cir. 2001). Accordingly, the Court cannot allow this suit to proceed because to do so would impliedly undermine the still-valid criminal conviction.

## IV. Conclusion

For the foregoing reasons, the Court will grant the defendants' motion for summary judgment and will dismiss plaintiff's unreasonable seizure claim against the defendants. Because of the Court's wide discretion to remand state law claims on the heels of dismissing federal claims, the Court will remand plaintiff's pending state law claims to the 15th Judicial District Court, Acadia Parish, from which it was removed. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999).